FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 18 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
KENNETH ENG,

        Plaintiff,

  -against-

OFFICER X,

        Defendant.
----------------------------------------------------------------x

**MEMORANDUM & ORDER**

14-CV-4036 (ENV) (LB)

VITALIANO, D.J.

 On June 27, 2014, pro se plaintiff Kenneth Eng filed this action alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. The Court grants plaintiff's collateral application, pursuant to 28 U.S.C. § 1915, to proceed in forma pauperis. For the reasons that follow, Eng's complaint is dismissed with prejudice.

## Background

 The gravamen of plaintiff's claim is that he witnessed defendant, a police officer with the New York City Police Department ("NYPD"), discriminate against a fellow officer on the basis of her race. Compl. ¶ III. Eng does not describe the nature of defendant's alleged discriminatory acts. Instead, the complaint consists of a diatribe of racial epithets, slurs and stereotypes, along with plaintiff's conclusory assertion that defendant was "discriminating against and abusing his partner" because of her race. Id.

1

## Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action sua sponte where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To withstand preliminary scrutiny, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). At the pleadings stage, a court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). Moreover, it is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys; courts are required to read pro se complaints liberally and interpret them as raising the strongest arguments they suggest. See Erickson v. Pardus, 551 U.S. 89 (2007); Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 191–93 (2d Cir. 2008).

## Discussion

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1).

The complaint fails to state a prima facie case of employment discrimination. Eng's gripe is that he witnessed one police officer make disparaging remarks to

another officer. Since there is no employment relationship between plaintiff and defendant, Eng may not invoke the protections of Title VII. As a result, his claims are dismissed. 28 U.S.C. § 1915(e)(2)(B).

## Conclusion

For the foregoing reasons, plaintiff's complaint is dismissed with prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

As the Court has already noted in two previous opinions, Eng has filed a spate of these meaningless lawsuits in recent weeks. The Court reiterates its warning that, should he continue to file frivolous actions, he will face a filing injunction and/or monetary sanctions, upon notice and opportunity to be heard. See Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
August 5, 2014

s/Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge